### 22894. SHATTERLY v. BRAND-VAUGHN LUMBER COMPANY, INC. et al.

SUBMITTED MARCH 9, 1965—DECIDED APRIL 13, 1965.

*Preston L. Holland,* for plaintiff in error.

*Northcutt & Edwards, W. S. Northcutt, Mitchell, Clarke, Pate & Anderson, Paul H. Anderson,* contra.

GRICE, Justice. A petition seeking cancellation of a foreclosure deed and other relief was held subject to general demurrer and is here for review. It was brought by Luella Jordan Shatterly against Brand-Vaughn Lumber Co., Inc., and Atlanta Federal Savings & Loan Association, in the Superior Court of Fulton County. Its allegations, insofar as essential here, are those which follow.

Petitioner is the owner of a described tract of land, to which the defendant Lumber Company claims title by virtue of a foreclosure deed. She decided to improve the property as a joint venture with the defendants. On October 4, 1963, she conveyed

the same by security deed to the defendant association, which agreed to enter into a contract to furnish construction funds and to carry this loan until a house was completed and the property was sold. The lumber company was among the materialmen who furnished materials to improve the property.

The association agreed orally to keep petitioner informed in writing as to the condition of the loan but failed to do so. It also orally agreed to waive the provision as to notice in the security deed and did so by custom, which she relied upon, in dealing with her. But subsequently the association failed to give her written notice when it foreclosed. Such foreclosure included items of cost and attorneys' fees, although the association failed to give her any formal written notice that such would be added in the event of foreclosure. The foreclosure is therefore void.

Petitioner learned of the advertisement and foreclosure when she was handed a notice that the property had been foreclosed and that the lumber company had purchased it at the foreclosure sale on November 3, 1964.

The lumber company knew of the security deed to the association prior to construction and agreed with petitioner to furnish materials and to be paid therefor either from the loan or from a sale of the property. By this agreement the lumber company co-operated with petitioner and was active in improving the property by joint venture. Thereafter and prior to the foreclosure it informed the association of its claim upon the property and conspired with it to foreclose without giving prior written notice to the petitioner.

The lumber company was not an innocent purchaser when it took the foreclosure deed. It knew of the terms of the loan, the loan deed and all papers in connection therewith, including the provision in her contract (closing statement) with the association which recited that it was agreed that the loan would be automatically extended until May 4, 1975, if the petitioner paid the State intangible tax on or before twelve months from the date of the closing statement, which was October 4, 1963.

The association, prior to the expiration of this twelve months period and thus in violation of this contract, notified the news-

paper to begin advertising the foreclosure on October 9, 1964. Subsequent to foreclosure petitioner sought to ascertain the amount which the lumber company claimed but the latter's attorney stated that a tender of it would not be accepted.

The property is now improved, and if a receiver is appointed can be sold for substantially more than the association's loan. Various materialmen will lose their claims and the property will be sacrificed unless injunctive relief is granted against encumbrance or transfer of the premises by the lumber company.

Petitioner seeks cancellation of the foreclosure deed and an injunction against transfer, encumbrance, or exercise of title to the property by the lumber company. She also prays for determination of the amount that the defendants are entitled to receive and states that she tenders this amount unconditionally, an accounting, that additional materialmen be made parties, and general relief.

To this amended petition, petitioner attaches a copy of the closing statement on her loan from the association and a copy of the advertisement for foreclosure. The closing statement shows the first monthly payment on the loan to have been due May 4, 1964. The advertisement recites that the foreclosure is due to petitioner's default in such monthly installments.

We come now to the appraisal of this petition against the general demurrers of the defendant association and the defendant lumber company.

In order to state a cause of action, it must appear from the petition that the foreclosure by the association was illegal. If that proceeding was proper the petitioner is not entitled to any of the relief sought.

First, we consider the contention that the foreclosure was void because the association breached its oral agreement to keep petitioner informed as to the condition of the loan by failing to give her written notice of intended foreclosure and by inclusion of costs and attorneys' fees without notice. This agreement, she asserts, came about by a waiver of the security deed's provision that no notice was necessary prior to foreclosure. The petition is silent as to when such agreement was made. But if made prior to or contemporaneously with the security deed it would violate

the parol evidence rule (*Code* § 38-501) as seeking to vary by parol the terms of the written instrument. If made subsequently to the security deed, it would be ineffective as an agreement without consideration, since none is alleged. For these reasons the alleged oral agreement for notice is without effect and its violation by the association does not void the foreclosure.

Next, we give attention to petitioner's allegation that the association agreed to enter into a contract to furnish construction funds to build the house and to carry the loan until it was sold, and that the association violated such agreement by the foreclosure. The petition fails to allege that any such contract was ever actually entered into, and attaches exhibits, hereinafter referred to, which show an essentially different agreement. This contention is wholly without merit.

The petitioner also claims that the association, by foreclosing, violated a contractual provision which extended the loan. For this she relies upon the recital in the closing statement that "It is further understood and agreed that the loan set out herein may be automatically extended to May 4, 1975, if [the petitioner] pays the State of Georgia Intangible (recording) tax on or before twelve months from date hereof [October 4, 1963]." However, the petitioner does not allege that she availed herself of this extension privilege by paying the tax within the period prescribed, and thus shows no violation of this provision by the association's foreclosing. The fact that the association, shortly before the expiration of the twelve months period, set out to foreclose by notifying the newspaper about beginning the advertising is immaterial. The first advertisement did not actually appear until October 9, 1964, several days after the expiration of such period. As previously stated, the advertisement recited that foreclosure was due to the petitioner's default in making the monthly payments required by the note and security deed. From what appears the petitioner made no payment of any kind insofar as this indebtedness is concerned.

We do not find any basis for the claim that the foreclosure by the association was invalid. Therefore, we need not discuss the petitioner's contentions as to joint venture, the lumber company not being an innocent purchaser, or its conspiring with the association to foreclosure without notice to her.

826

In view of the foregoing the trial court properly sustained the renewed general demurrers to the amended petition.

*Judgment affirmed. All the Justices concur, except Mobley, J., who is disqualified.*